Filed 9/6/22  P. v. Slyter CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C095173 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 20CM03184, 21CF03505) |
| v. | |
| JERRY ALLEN SLYTER, JR., | |
| Defendant and Appellant. | |

Defendant Jerry Allen Slyter, Jr., pled no contest to both failing to register as a sex offender and soliciting prostitution by providing compensation.  He received the upper term on the sex offender registration count.  On appeal, defendant challenges the upper-term portion of his sentence based on recent legislative enactments and argues the trial court should have conducted a hearing regarding his ability to pay fines.  We remand for resentencing.

# I. BACKGROUND[1]

Defendant solicited a coworker for sex, and she reported the occurrence to authorities. In the course of the investigation related to that offense, an officer determined defendant was not in compliance with a previously imposed requirement that defendant register with authorities as a sex offender every 30 days. When authorities arrested defendant based on those charges, he was in possession of methamphetamine and drug paraphernalia. Defendant pled no contest to failing to register as a sex offender (Pen. Code, § 290.011, subd. (a))[2] and to soliciting prostitution by providing compensation (§ 647, subd. (b)(2)). Defendant subsequently failed to appear for sentencing and a warrant was issued for his arrest. He pled no contest in two separate cases for misdemeanor possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and for failure to appear on his own recognizance in the solicitation case (§ 1320, subd. (b)).

At sentencing for all three cases, the probation department reported that defendant's adult criminal history included three felonies and nine misdemeanors. Defendant had previously violated probation and parole and he had served a prior prison term. Probation also reported defendant suffers from mental health disorders for which mental-health professionals prescribed medication, but defendant expressed general concerns that he did not like the way psychiatric medication made him feel. Defendant desired to continue his rehabilitation with a mental health counseling facility. The probation department opined that defendant's mental health disorders and resulting drug use may have contributed to commission of the solicitation and failure to register offenses. Defendant argued the trial court should impose the low or mid-term given

---

[1] The parties stipulated that the probation report formed the factual basis for defendant's plea.

[2] Undesignated statutory references are to the Penal Code.

defendant's "schizophrenia and some kind of delusions" that affect "his ability to . . . comply with the terms of the Court and probation." Additionally, defendant asked for leniency for failing to appear in court due to his financial limitations and homelessness.

The trial court imposed an aggregate sentence of three years, eight months. In imposing the upper term for failing to register (§ 290.011, subd. (a)), the trial court relied on defendant's probation report and noted that it considered defendant's mental health condition as a factor in mitigation, but defendant's prior convictions as an adult, sustained petitions as a juvenile, prior prison terms, and prior unsatisfactory performance on probation and parole were aggravating factors warranting the upper term. The trial court imposed fines and fees associated with the three cases without conducting an ability to pay hearing.

## II.  DISCUSSION

Defendant challenges the imposition of the upper term for failing to register under recently enacted Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3; Senate Bill No. 567).[3] Defendant also argues, based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), that the trial court improperly imposed fines without conducting an ability to pay hearing. In the alternative, defendant claims he received ineffective assistance because counsel failed to object to the trial court's imposition of fines at sentencing. The People concede defendant is entitled to retroactive application of Senate Bill No. 567 and contend defendant would be permitted to raise his *Dueñas* challenge at resentencing. As we explain below, because we accept the People's

---

[3] Defendant asserts he is entitled to the ameliorative benefits of both Senate Bill No. 567 and Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695, § 5.3). Senate Bill No. 567 was enacted after Assembly Bill No. 124 and incorporated Assembly Bill No. 124's amendments to section 1170. (Stats. 2021, ch. 731, § 3, subd. (c).) Senate Bill No. 567 takes precedence because it was enacted last. (Gov. Code, § 9605.) Thus, we will address defendant's claims as raised under Senate Bill No. 567.

concession that resentencing is required under Senate Bill No. 567, we need not address defendant's claim under *Dueñas*.

*A.  Senate Bill No. 567*

Defendant argues he is entitled to resentencing based on recent changes to our determinate sentencing law, section 1170.  We will accept the People's concession and remand for resentencing.

At the time of defendant's sentencing, section 1170, subdivision (b) provided that "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court."  (Stats. 2020, ch. 29, § 14.)  Senate Bill No. 567 amended this provision effective January 1, 2022, and divided it into subparts.  Section 1170, subdivision (b)(1) provides "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."  The referenced exception provides that an upper term sentence may be imposed "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2).) However, "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."[4]  (§ 1170, subd. (b)(3).)  Additionally, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the

---

[4] "This paragraph does not apply to enhancements imposed on prior convictions." (§ 1170, subd. (b)(3).)

4

commission of the offense" including "(A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6).)

We agree with the parties that amended section 1170, effective January 1, 2022, applies retroactively as an ameliorative change in the law that is applicable to all nonfinal convictions. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.) Further, we accept the People's concession that resentencing is required in this case. Defendant contends his mental-health history qualifies him for presumption in favor the lower term. We conclude defendant has established at least a reasonable probability the trial court would have chosen a lesser sentence under amended section 1170. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1112.) Accordingly, we remand for a full resentencing. (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)

B.      *Defendant's Dueñas Challenge*

Defendant asserts that the trial court violated his constitutional rights when it imposed fines, fees, and assessments without first conducting an ability to pay hearing. Defendant also claims he received ineffective assistance of counsel based on counsel's failure to object to the court's imposition of fines and fees. The People concede defendant may raise his *Dueñas* claim at resentencing. Because we are remanding for full resentencing, we do not reach defendant's contentions.

5

## III.  DISPOSITION

The conviction is affirmed and the sentence is vacated.  The matter is remanded for resentencing consistent with this opinion.

/S/

RENNER, J.

We concur:

/S/

HULL, Acting P. J.

/S/

EARL, J.